493 F.2d 455
 Ronnie Earl FINCH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 74-1230 Summary Calendar.*
*Rule 18, 5 Cir.: Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 2, 1974.
 
 James F. Howell, Shreveport, La. (court-appointed), for petitioner-appellant.
 Donald E. Walter, U.S. Atty., L. Edwin Greer, Asst. U.S. Atty., Shreverport, La., for respondent-appellee.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 LEWIS R. MORGAN, Circuit Judge:
 
 
 1
 Appellant Finch on February 16, 1973, represented by court-appointed counsel, entered a plea of guilty to an indictment charging him with distribution of 81 tablets of Demerol, a Schedule II controlled substance. On April 6, 1973, appellant appeared before the district Court for sentencing and was sentenced to a 14-year term of imprisonment which was to be followed by a 3-year period of probation and parole. Subsequent to the sentencing, Finch's then court-appointed counsel, Mr. Burnett,[1] filed a motion under F.R.Cr.P. 35 for a reduction of sentence by the District Court. This motion was denied by the District Judge. Subsequently, on July 25, 1973, the District Judge, after receiving a letter from appellant, appointed the United States Magistrate to act as a Special Master to conduct an evidentiary hearing concerning Finch's guilty plea and another attorney was appointed to represent Finch at the evidentiary hearing held on August 28, 1973. On October 4, 1973, the Special Master denied the 28 U.S.C.A. 2255 relief to appellant, and on the same date, October 4, 1973, the District Court adopted the findings and conclusions of the Special Master.
 
 
 2
 At the 2255 hearing appellant Finch asserted: (1) that his guilty plea was not freely and voluntarily made in that said plea was entered by him under duress and on the basis of promises and inducements, and (2) that the sentence imposed was excessive, and that he was sentenced on the basis of assumptions concerning his past criminal record which were untrue.
 
 
 3
 A study of the record of the arraignment and sentencing convinces us that appellant's contention that he entered his plea under duress or becuase of promises or inducements is without merit.
 
 
 4
 The appellant's second contention is more difficult. A trial judge in the federal judicial system has wide discretion in determining what sentence to impose, and if the sentence is within statutory limits, it is generally not subject to review. Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 1284-1285, 2 L.Ed.2d 1405, 1410. Here we must now consider whether the appellant's rights were prejudiced by his sentence being imposed by the District judge on the basis of assumptions concerning his criminal record which were materially untrue. The paucity of the transcript of the sentencing gives little aid as to what transpired at the sentencing on April 6, 1973. However, Mr. Burnett, the then court-appointed counsel for petitioner Finch, testified[2] at the 28 U.S.C.A. 2255 evidentiary hearing on August 28, 1973, and when questioned by Mr. howell[3] testified as follows:
 
 
 5
 Let me back up and be completely candid with you and the Court.
 
 
 6
 At the time Mr. Finch was sentenced there were in the courtroom the usual court personnel. This was the first offense insofar as I was aware. He was charged with some drug related offenses and this was his first serious conviction.
 
 
 7
 The Judge sentenced him to fourteen years and I must say at that point I was shocked, to say the least. Mr. Finch was shocked. I did not expect such a large sentence for this offense and taking into account his statements requesting a voluntary type of plea for help for himself.
 
 
 8
 He was led from the courtroom and in all candor I must relate what happened. Judge Dawkins was on the bench presiding and to the best of my recollection he stated something to the effect that 'some people never learn. This boy broke probation or parole in Ohio'.
 
 
 9
 When he said that, the United States Attorney, who was present,-- it appeared Judge Dawkins confused this boy's background with another prisoner and someone else in the courtroom, Mr. Lynch or myself, pointed out this Ohio business applied to another person.
 
 
 10
 I conferred with Mr. Lynch in the hall and I expressed my surprise and he suggested at that time the appropriate thing to do would be to file a motion for reduction of sentence. I immediately discussed the matter with Mr. Finch. I do not think I related this incident to him which appeared to be a confusion in the courtroom. Nevertheless, I went straight to my office and dictated a Motion for Reduction of Sentence and filed it the same day or the day after that. That motion is in the record.
 
 
 11
 In that motion I set out, not in detail, the incident which occurred in the courtroom, but I did set out the defendant had only one conviction and received six months in Henderson, Texas, for property damage.
 
 
 12
 I stated he was a drug dependent person and he was not charged with a drug related crime.
 
 
 13
 I stated Mr. Finch stated to myself he was willing to undergo some kind of voluntary treatment if any was available and I asked that be done and I asked the Court to reconsider the sentence and reduce it.
 
 
 14
 That motion was filed promptly on April 9, I believe.
 
 
 15
 There is a notation on my motion in longhand: 'Ruling, Motion denied-- 4/9/73'.
 
 
 16
 From what we can glean from the record, the District Court was either given misinformation as to petitioner's criminal record or the Court misread Finch's pre-sentence report. We are not at liberty to assume that 'alleged parole violations in Ohio', emphasized by the sentencing court, did not influence the sentence which the prisoner is now serving. See Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690; also, United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592.
 
 
 17
 The case is vacated and remanded to the District Court for reconsideration of the sentence imposed upon defendant.
 
 
 18
 Vacated and remanded.
 
 
 
 [1]
 Attorney James A. Burnett was counsel who represented appellant Finch, but the original judgment and commitment on the sentencing date of April 6, 1973, erroneously listed William C. Clark as Finch's attorney. This error was corrected by an amended judgment executed on July 26, 1973
 
 
 [2]
 This evidence of attorney Burnett is unchallenged although Mr. Lynch, Assistant District Attorney, was present representing the Government at the sentencing
 
 
 [3]
 Mr. James V. Howell was appointed to represent Finch on August 3, 1973, at the 28 U.S.C.A. 2255 hearing